United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31082
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BRIAN JOHNSON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-139-2-A
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Brian Johnson pleaded guilty, pursuant to a written plea
agreement, to one charge of conspiracy to possess ecstasy with
intent to distribute.  The district court sentenced him to 188
months in prison and a three-year term of supervised release.
Johnson now appeals the district court's judgment.

     In the sole issue he raises on appeal, Johnson argues that
trial counsel rendered ineffective assistance by allowing Johnson
to sign the factual basis that accompanied his plea agreement.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Johnson acknowledged in the factual basis that he was involved with cocaine hydrochloride, but Johnson asserts that he was not involved with this drug.

As a general rule, this court declines to review claims of ineffective assistance of counsel on direct appeal, although we may do so in exceptional cases. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); see also Massaro v. United States, 123 S. Ct. 1690 (2003). This is not the exceptional case. Accordingly, we decline to review Johnson's ineffective-assistance claim in this direct appeal. The judgment of the district court is AFFIRMED.